IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICKI WEST,

      Plaintiff,                No. CIV S-04-0438 WBS GGH

    vs.

CIRCLE K STORES, INC.,

      Defendant.           ORDER

_____/

      Presently before the court is defendant's motion for protective order, filed March 4, 2005. Having reviewed the parties' joint statement, filed April 6, 2005, the court now issues the following order.[1]

PROPOSED PROTECTIVE ORDER

      The district court denied the parties' prior request for a protective order on November 15, 2004. Defendant has renewed its motion and the parties have agreed on the language of the proposed protective order.

      Although the parties to a civil litigation generally have the right to protect information from public disclosure that has been produced to the other party only because of

---

[1] The motion was originally noticed for hearing on April 14, 2005, but was vacated after the court determined a hearing was unnecessary.

1

discovery, <u>Seattle Times v. Rhinehart</u>, 467 U.S. 20, 104 S. Ct. 2199 (1984), that right extends only in the context of pretrial discovery itself. <u>Id</u>. at 33 and 37, 104 S. Ct. at 2207 and 2209. Once the information is tendered to the court in an adjudicatory context, there is a presumption that the federal courts, including filings in the court, are open to public access. <u>San Jose Mercury News v. U.S.D.C. (N.D.Cal.)</u>, 187 F.3d 1096, 1102 (9th Cir. 1999); <u>Equal Employment Opportunity Commission v. Nat. Children's Center</u>, 98 F.3d 1406, 1408 (D.C. Cir. 1996).

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. <u>United States v. CBS, Inc.</u>, 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. <u>B.R.S. Land Investors v. United States</u>, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); <u>Foltz v State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003); <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. <u>Id.</u>; <u>San Jose Mercury News, Inc.</u>, 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." <u>Phillips</u>, 307 F.3d at 1211 (citing <u>Glenmade Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

As a preliminary matter, the court has concern about excessive filings designated "confidential" or "highly confidential." "Good cause" to bar the public from information utilized in an adjudicatory session must be more than merely the parties' desire for such a bar. Moreover,

the court has had the unfortunate experience on numerous occasions of having to undo protective orders where the parties designate so much confidential material that the entire case filings are submitted under seal. Furthermore, since the implementation of electronic filing procedures in this court in January, 2005, the burden on the court to maintain documents filed under seal is greater than ever, resulting in a variety of logistical problems. The protective order as submitted by the parties has the potential to offend the observations set forth herein. Thus, the undersigned will not approve a protective order containing blanket authority for the parties to decide what shall be kept under seal.

Accordingly, the court will direct the parties in their filing procedure as follows. If a motion or other filing is to be adjudicated by the District Judge, the parties shall provide a stipulation or application with respect to the material to be filed under seal, including the good cause for sealing, to the District Judge. The parties are free to create their own procedure for such stipulations/applications.

If the motion is to be heard by the undersigned:

<u>Filing Under Seal In Matters Pending Before the Honorable Gregory G. Hollows</u>:

- When the party who has designated information as confidential wishes to file it under seal:

    Ten days prior to the planned filing, the party shall file with the undersigned an ex parte application along with a proposed order, served on the opposing party, seeking approval of each specific filing or part thereof proposed to be made under seal. The court shall attempt to rule expeditiously on the application. *In no event, however, will the court's failure to rule upon the application prior to the scheduled filing date serve as a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the confidential information shall be filed under seal. If the submitting party does not timely file the application, the information shall be filed in the public record.

- When a party wishes to file confidential information designated as such by the opposing party:

    Ten days prior to the planned filing, the party shall contact the opposing party and ask permission not to file under seal such

3

confidential information. Permission, or the lack thereof, as to specific confidential information shall be memorialized by the submitting party. In the event that the opposing party fails to give permission for the unsealed filing, in whole or in part, the opposing party shall file an ex parte application with the undersigned, served on the submitting party, seeking approval for each specific filing or part thereof proposed to be made under seal. The opposing party's application shall be made no later than five days prior to the submitting party's planned filing date. The court shall attempt to rule expeditiously on the application. *In no event, however, will the court's failure to rule upon the application prior to the scheduled filing date serve as a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the confidential information shall be filed under seal. If the opposing party does not timely file the required application, the information shall be filed in the public record.

Accordingly, IT IS ORDERED that defendant's motion for protective order, filed March 4, 2005, is GRANTED, except as to paragraph 5 which has been superseded by this order. All paragraphs of the submitted proposed protective order except for paragraph 5 are now in effect. Nothing in this order shall preclude another court from ordering production of confidential material.

DATED: 4/22/05

/s/ Gregory G. Hollows

———————————————
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076
West0438.po.wpd