UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICKI WEST and WENDY FEGUNDES, individually and on behalf of all others similarly situated,

        Plaintiffs,

   v.

CIRCLE K STORES, INC., a foreign corporation,

        Defendant.

NO. CIV. S-04-0438 WBS GGH

ORDER RE: PRE-CERTIFICATION NOTICE

----oo0oo----

        Plaintiffs Vicki West and Wendy Fegundes seek to bring a class action suit against defendant Circle K Stores, Inc. for alleged violations of the California Labor Code, Cal. Lab. Code §§ 226.7, 227.3, and the California Business and Professions Code, Cal. Bus. & Prof. Code §§ 17200-17210.  Presently before the court is plaintiffs' motion for a court order directing a mailing of pre-certification notice to putative class members.

///
///
///

1

I.  Factual and Procedural Background

On March 3, 2004, plaintiffs filed a class action complaint claiming that defendant failed to pay (1) overtime wages, (2) administrative leave wages, and (3) accrued but unused vacation wages, all in violation of state law.  (Compl. ¶ 17.)  On May 6, 2005, a related state court action in the Superior Court of California in and for the County of Orange approved a settlement between defendant and management (non-hourly) employees.  (Jones Decl. in Supp. of Mot. to Amend ¶ 6; id. Ex. B (state court order granting final approval); id. Ex. C (stipulation and release).)  Consequently, plaintiffs sought, and were granted in part, leave to amend their complaint.  (July 15, 2005 Order at 2-3.)  The amendments dropped some of the claims of one proposed subclass (managers) because these claims were resolved by the state court action.  (Id. at 3-4.)  In addition, the amended complaint added Wendy Fegundes as a named plaintiff, representing an additional subclass of employees claiming failure to pay meal and break wages.  (Id. at 4.)

In light of these amendments, the court reopened pre-certification discovery regarding the new subclass only.  (Id. at 8.)  The court also extended the deadline for plaintiffs' motion for certification until March 20, 2006.  (Id.)

During pre-certification discovery with respect to plaintiffs' meal and break compensation claims, plaintiffs determined that the names, addresses, and telephone numbers of

defendant's hourly employees from March 3, 2000 onward[1] were needed to prepare its upcoming motion for class certification. (Pls.' Mem. of P. & A. in Supp. of Mot. for Pre-Certification Notice at 2-3; Rodriguez Decl. ¶ 1.)  When defendant rejected plaintiffs' proposed procedure for contacting putative class members, plaintiffs filed the instant motion, requesting that the court order compliance with the elaborate notice procedure previously rejected by defendant.  (Id. at 3.)  The proposal is as follows:

> [R]ather than having the names and addresses of putative class members turned over directly to plaintiffs' counsel . . ., the names and addresses [would] be produced to a neutral third party claims administrator.  The claims administrator would then send out a letter to the class members informing them that there is an action pending against Circle K for unpaid meal and rest breaks as well as forfeiture of accrued but unused vacation.  The letter would also inform them that plaintiffs' counsel may wish to contact them in the future about the case.  The letter would be accompanied by a self-addressed, stamped postcard that the class members can return if they do not wish to be contacted . . . .  After an appropriate period (three weeks for example), the claims administrator would turn over to plaintiffs' counsel a database containing the names and addresses of all putative class members who did not return a postcard.

(Id. at 2-3.)  In support of this procedure, plaintiffs argue only that it is "inequitable" for defendants to be able to contact potential members of the putative class when plaintiffs lack similar resources.  (Id.)  Plaintiffs also offer an unpublished order from a case in the Southern District of California where a court ordered a similar approach.  Doornbos v. Pilot Travel Ctrs., LLC, No. 04-0044 (S.D. Cal. July 28, 2004)

---

[1] Defendant estimates that this request would require it to provide data on up to 14,000 people.  (Rodriguez Decl. ¶ 1.)

3

(order granting motion to compel discovery).[2]

## II. Discussion

In their briefs, the parties spend a great deal of time on whether the court's grant of this motion will unjustifiably intrude on the privacy rights of putative class members and how less intrusive means might be designed. But both parties fail to address controlling case law that, given the circumstances in this case, counsels against issuing an order requiring pre-certification notice and prescribing the specific procedures for such notice.

In Pan American World Airways, Inc., v. United States District Court for the Central District of California, 523 F.2d 1073 (9th Cir. 1975), the court vacated, through a writ of mandamus, the district court's attempt to notify putative class members of the opportunity to sue. Id. at 1081. The Pan Am judge "had almost unique experience in the handling of airline crash cases involving multiple deaths" and, based on this experience, determined that "notify[ing] potential plaintiffs of the actions pending before him" would expedite resolution of the

---

[2] Defendant objects to the court's taking "judicial notice" of this unpublished order, arguing further that it is hearsay and lacks foundation. (Def.'s Objection to Exs. D & E.) Defendant's objection is misplaced. A copy of an unpublished court order must accompany any court filing that cites to the unpublished source pursuant to Local Rule 5-133(i). Plaintiffs do not offer the order as "evidence", but rather as non-binding, yet perhaps persuasive, authority.

The court, however, is not inclined to adopt the Doornbos model. The instant case is distinguishable from Doornbos because the parties in that case agreed to send notice to putative class members via a third party administrator. Doornbos, No. 04-0044 at *3. That court did not face the same question presented to this court: whether to order pre-certification notice in the first place.

4

claims against the airline. Id. at 1075-76, 1082. He ordered the production of a list of passengers and informed the parties of his intent to contact their next of kin. Id. at 1075. The defendant airline manufacturer, McDonnell Douglas, naturally objected to this procedure. Id. at 1075-76.

The court observed that the proposed notice embodied the court's encouragement of lawsuits and offended the longstanding principle that "in our judicial system, courts are powerless to act until litigants bring claims before them." Id. at 1077 n.3. Concluding that "[s]o sharp a deviation from the traditional role of the judiciary requires justification," id., the court then embarked on a painstaking search for such authority. Id. at 1077-81 (exploring the equitable power of a federal court, the manual for complex litigation, and Federal Rules of Civil Procedure 16, 19, 83, 23, 21, and 42 as possible sources for the claimed power). In the end, no authority was found and the court held that, when requested for the purpose of bringing additional plaintiffs before the court, pre-certification notice is "[not] permitted by any ascertainable source of judicial authority." Id. at 1077.

The Pan Am court did leave open the possibility that pre-certification notice might issue, in the court's discretion, when necessary to facilitate "fair conduct of the action" and in the event of a compromise or dismissal of the claims. Id. at 1079 (citing Fed. R. Civ. P. 23(d)(2), Fed. R. Civ. P. 23(d)(2) Advisory Committee Note (1966), and Fed. R. Civ. P. 23(e)). Neither situation applies here. Obviously there is no impending compromise or dismissal that putative class members need to be

5

1  notified about.  In addition, as plaintiffs have not alleged that
2  defendant has contacted putative class members with respect to
3  any of the issues in this case and only speculate that defendant
4  could make contact if it wanted to, fairness does not demand, at
5  this stage in the litigation, the extreme action plaintiffs have
6  requested.  (Pls.' Mem. of P. & A. in Supp. of Mot. for Pre-
7  Certification Notice at 3.)

8          The court is aware that in Hoffmann-La Roche Inc. v.
9  Sperling, 493 U.S. 165 (1989), the Supreme Court addressed "the
10 narrow question whether in an action governed by the provisions
11 of the Fair Labor Standards Act (FLSA) district courts may play
12 any role in prescribing the terms and conditions of communication
13 from the named plaintiffs to the potential members of the class."
14 Id. at 169 (emphasis added).  In holding that courts can
15 authorize pre-certification notice in "class actions" governed by
16 FLSA, the Court abrogated Ninth Circuit authority holding
17 otherwise.  Id. at 173; id. at 167 (identifying a circuit split
18 and citing Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 864 (9th
19 Cir. 1977)).

20         However, Hoffman-La Roche does not control the instant
21 motion because that case specifically addressed notice under
22 FLSA.  493 U.S. at 169.  A Rule 23 class action and one under
23 FLSA are fundamentally different.  Lachapelle v. Owens-Illinois,
24 Inc., 513 F.2d 286, 288 (5th Cir. 1975); see also Leuthold v.
25 Destination Am., Inc., 224 F.R.D. 462, 469 (N.D. Cal. 2004)
26 (noting that the means for participating in a Rule 23 class
27 action differ from those in a FLSA class action).  Pan Am is,
28 therefore, still good law and controlling in this case.

Moreover, even if applicable, <u>Hoffman-La Roche</u> only authorized "the discretionary authority to oversee the notice-giving process." 493 U.S. at 174. This court declines to exercise that power here because the circumstances in this case do not satisfy the relevant considerations identified by the Supreme Court. In <u>Hoffman-La Roche</u>, the Court implied that, on a motion for pre-certification notice, courts should consider: (1) whether "the [proposed notice is] relevant to the subject matter of the action" and there are no grounds to limit contact with putative members, (2) whether notice would allow the court to more efficiently manage the case, (3) whether court-authorized notice is necessary to counter misleading communications already sent to putative class members, (4) whether contact with putative class members is "inevitable" because "written consent is required by statute" before the plaintiff can proceed with a representative action. <u>Id.</u> at 170-71. The court fails to see how a costly mass mailing to 14,000 putative class members could be an efficient use of resources when the proposed class might never be certified. In addition, plaintiffs have not alleged that defendant has sent misleading communications and only speculate that it might do so at some point. (<u>See</u> Def.'s Opp'n to Pls.' Mot. for Pre-Certification Notice at 9 "Circle K has not sent any mass mailing, or even selected mailings, to its employees or ex-employees regarding this lawsuit.").) Finally, in a Rule 23 class action, unlike the FLSA class action at issue in <u>Hoffman-La Roche</u>, written consent of putative class members is not required before representative action can proceed. <u>Mitchell v. Los Angeles Unified Sch. Dist.</u>, 963 F.2d 258, 262 (9th Cir.

7

1992) (noting that Rule 23 assumes each putative member of the class is a member unless he or she "individually objects to being in the class."). Under these conditions, the court is wary of initiating notice that might serve only to needlessly raise the hopes and expectations of current and former Circle K employees.

III. Conclusion

Following in the footsteps of the neighboring Northern District of California, this court "is not inclined to initiate notice to potential claimants except where the Supreme Court or the Ninth Circuit has expressly authorized such notice and it is demonstrably needed." In re Air Disaster Near Honolulu, Haw. on Feb. 24, 1989, 792 F. Supp. 1541, 1551 (N.D. Cal. 1990). Ninth Circuit precedent counsels against authorizing notice in this case, Pan Am, 523 F.2d at 1077, and the Supreme Court has not addressed pre-certification notice in a Rule 23 class action. Moreover, plaintiffs have failed to articulate a specific need for the notice and offer only a generic argument that the data would help them prepare their certification motion by allowing them to gather evidence of commonality and typicality. (Pls.' Mem. of P. & A. in Supp. of Mot. for Pre-Certification Notice at 3.) The court will not "undertake the unheard-of role of midwifing [litigation]" under these unremarkable circumstances. Hoffman-La Roche, 493 U.S. at 176 (Scalia, J., dissenting).[3]

---

[3] The court notes that this order relates only to plaintiffs' pre-certification notice motion, and is not dispositive of plaintiffs' rights to the information ultimately sought by the process proposed--namely, the names, addresses, and phone numbers of the putative class members. Should plaintiffs still desire this information, they may file a motion for pre-certification discovery with the magistrate judge, as per the

1    IT IS THEREFORE ORDERED that plaintiffs' motion for
2 pre-certification notice be, and the same hereby is, DENIED.
3 DATED:  November 1, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

court's order of July 15, 2005.

9