UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICKI WEST and WENDY FEGUNDES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CIRCLE K STORES, INC., a foreign corporation,

Defendant.

NO. CIV. S-04-0438 WBS GGH

ORDER RE: PARTIAL SUMMARY JUDGMENT

----oo0oo----

Plaintiffs Vicki West and Wendy Fegundes seek to bring a class action suit against defendant Circle K Stores, Inc. for alleged violations of the California Labor Code, Cal. Lab. Code §§ 226.7, 227.3, and the California Business and Professions Code, Cal. Bus. & Prof. Code §§ 17200-17210. Presently before the court is defendant's motion for partial summary judgment.

///

///

///

I. Factual and Procedural Background

On March 3, 2004, plaintiffs filed a class action complaint claiming that defendant failed to pay (1) overtime wages, (2) administrative leave wages, and (3) accrued but unused vacation wages, all in violation of state law. (Compl. ¶ 17.) On May 6, 2005, a related state court action in the Superior Court of California in and for the County of Orange approved a settlement between defendant and management (non-hourly) employees. (Jones Decl. in Supp. of Mot. to Amend ¶ 6; id. Ex. B (state court order granting final approval); id. Ex. C (stipulation and release).) Consequently, plaintiffs sought leave to amend their complaint, which was granted in part. (July 15, 2005 Order at 2-3.)

The amendments approved by the court dropped some of the claims of one proposed subclass (managers) because these claims were resolved by the state court action. (Id. at 3-4.) In addition, the amended complaint added Wendy Fegundes as a named plaintiff representing an additional subclass of employees claiming that defendant failed to pay meal and break wages. (Id. at 4.) In light of these amendments, the court reopened pre-certification discovery regarding the new subclass only. (Id. at 8.) The court also extended the deadline for plaintiffs' motion for certification until March 20, 2006. (Id.)

Hoping to "streamline the certification hearing," defendant now moves for partial summary judgment on three supposedly "straight-forward legal issues." (Def.'s Mem. of P. & A. in Supp. of Mot. for Partial Summ. J. 1-2.) First, defendant asks the court to determine, as a matter of law, the appropriate

statute of limitations for a claim under Cal. Lab. Code § 226.7 (describing the consequences for employers who fail to provide legally mandated meal and rest breaks for hourly employees). Second, defendant argues that plaintiffs do not have a cause of action under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17203, for failure to provide required meal and rest breaks (claim three). Finally, defendant seeks a judicial determination that it is not liable for the practices at up to 104 Circle K stores that, as of sometime in 2003, are allegedly no longer under defendant's control.

II. Discussion

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). However, in a Rule 23 class action such as this, where the district court must rule on the issue of class certification "[a]s soon as practicable after the commencement of [the] action," the court must not prematurely grant such a motion. Fed. R. Civ. P. 23. Significantly, the Ninth Circuit has limited early resolution of a motion for summary judgment in a potential Rule 23 class action to cases where granting the motion "seems likely to protect both the parties and the court from needless and costly further litigation."[1] Wright v. Schock, 742 F.2d 541,

[1] Pre-certification summary judgment is often inappropriate because "the relative merits of the underlying dispute are to have no impact upon the determination of the

544 (9th Cir. 1984). "Under the proper circumstances--where it is more practicable to do so and where the parties will not suffer significant prejudice--the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." Id. at 543-44.

A. Statute of Limitations Under Cal. Lab. Code § 226.7 and Cal. Bus. & Prof. Code § 17203

Defendant seeks partial summary judgment to establish the statute of limitations under California Labor Code § 226.7, which requires employers to pay employees "one additional hour of pay at the employee's regular rate of compensation for each work day that [a] meal or rest period[, as required by subsection a,] is not provided." Cal. Lab. Code § 226.7(b). Resolution of this issue turns on whether the "additional hour of pay" constitutes a penalty or a wage. If the language of § 226.7 is interpreted as imposing a penalty against employers for failure to provide legally mandated breaks, the applicable statute is only one year. See Cal. Civ. Proc. Code § 340(a); Murphy v. Kenneth Cole Prods., Inc., 134 Cal. App. 4th 728, 751 (2005). In contrast, if the statute provides a wage payment to the wronged employee, a three year statute of limitations applies. See Nat'l Steel & Shipbuilding Co. v. Superior Court, No. D046692, 2006 WL 147520, at *7 (Cal. App. Jan. 20, 2006) (applying the three year statute

---

propriety of the class action." Thompson v. County of Medina, 29 F.3d 238, 241 (6th Cir. 1994) (quoting Marx v. Centran Corp., 747 F.2d 1536, 1552 (6th Cir. 1984)). Additionally, "it is preferable to review a motion for class certification first [because] a quick disposition on the merits is often not possible." Chavez v. Ill. State Police, 251 F.3d 612, 630 (7th Cir. 2001).

of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture," Cal. Civ. Proc. Code § 338(a)).

Relatedly, defendant also argues that plaintiffs' claim under the UCL for restitution with respect to wrongfully denied break times likewise hinges on whether the provisions in § 226.7 award a wage or a penalty. Cal. Bus. & Prof. Code § 17203. The UCL offers a substantial, four year statute of limitations. Cal. Bus. & Prof. Code § 17208; Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 173 (2000). However, plaintiffs can recover only restitution, not damages, under that statute, a bar that they concede forecloses an award of penalties. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003); see also Tomlinson v. Indymac Bank, F.S.B., 359 F. Supp. 2d 891, 895-96 (C.D. Cal. 2005). Consequently, resolution of the penalty/wage issue in defendant's favor could eliminate plaintiffs' UCL claim based on denied break times, and thereby also restrict the relevant time period for plaintiffs' claims.

Section 226.7 has very recently been interpreted differently by several California appellate courts, with some courts classifying the payment owed as a penalty and others disagreeing with this characterization.[2] Compare Nat'l Steel, 2006 WL 147520, at *7 (Fourth District) (applying the three year

---

[2] Additionally, the Amicus Brief submitted by the California Teamster Public Affairs Counsel and the California Conference Board of the Amalgamated Transit Union in National Steel identified several cases being actively litigated in the state trial courts that have all raised the same question: whether the monetary award under § 226.7 is a restitutionary wage or a penalty. (See Jones Decl. Ex. B at 1-2.).

statute of limitations from Cal. Civ. Proc. Code § 338 because "the payment of section 226.7 is an obligation created by statute, other than a penalty"), with Murphy, 134 Cal. App. 4th at 751 (First District) (applying the one year statute of limitations from Cal. Civ. Proc. Code § 340(a) because "a statute like section 226.7 that imposes a payment without regard to the actual loss suffered, is in the nature of a penalty") and Mills v. Superior Court, No. B184760, 2006 WL 198588, at *6 (Cal. App. Jan. 27, 2006) (Second District) ("[W]e read section 226.7 as imposing a penalty on employers who fail to ensure mandated break periods are provided to their employees."). A petition for review of the Murphy decision, filed on January 11, 2006, is currently pending before the California Supreme Court. Defendant thus asks the court to add to a growing and divergent set of opinions involving a complicated interpretation of state law.

Applying Wright, the court is convinced that defendant's motion for summary judgment is premature. Ruling on this motion now would not save the court or the parties from the costs of further litigation. See Wright, 742 F.2d 544. Rather, it would simply potentially limit the size of the class[3] that will receive notice if the court grants plaintiffs' upcoming

[3] Defendant contended at oral argument that if the court holds that the award under § 226.7 is a wage rather than a penalty, the size of the potential class will triple or quadruple. Defendant's argument assumes, without support, that its payroll turns over completely on an annual basis. Although a longer statute of limitations in this case may increase plaintiffs' damages, the scope of the class requiring notification will not necessarily grow at the same rate.

motion for class certification.[4] As plaintiff noted at oral argument, if it should turn out that this court is wrong in limiting the relevant time period to one year, expanding the class after Rule 23 litigation is already underway would be both time consuming and expensive in terms of delay and disruption. In contrast, trimming an overly broad class in the event that the California Supreme Court determines that § 226.7 awards a penalty and not a wage would be a relatively simple task. Consequently, granting defendant's motion might result in significant and costly delay if the court wrongly anticipates the California Supreme Court's take on this matter. See Sims Snowboards, Inc. v. Kelly, 863 F.2d 643, 647 (9th Cir. 1988) (holding that, when jurisdiction is based on diversity, a federal court is "in effect, only another court of the State [and] it cannot afford recovery if the right to recover is made unavailable by the State"). Because the relevant state law is in flux, this is not a situation where judicial economy can be served by deciding defendant's summary judgment motion before the certification issue.

///

///

[4] Significantly, defendant denies that it "failed to provide and/or pay for meal and break periods." (See First Am. Compl. ¶ 9; Answer to First Am. Compl ¶ 6.) Consequently, deciding this issue now, assuming defendant is even found liable, will at best only impact defendant's damages; it will not resolve liability issues and it will not narrow the issues presented by the case. See Trull v. Lason Sys., Inc., 982 F. Supp. 600, 603 (N.D. Ill. 1997) (implying that the rule allowing courts to decide summary judgment motions first is limited to situations where the motion argues that "the plaintiffs' claims are without merit").

B. Number of Liable Circle K Stores

Defendant also accuses plaintiffs of being "ambiguous" about which Circle K stores are the subject of their lawsuit and seeks a determination that it is not liable for any violations in 104 stores that were allegedly transferred to ConocoPhillips in "late 2003." (Def.'s Mem. of P. & A. in Supp. of Mot. for Partial Summ. J. 9.) Again though, through its motion for summary judgment on this third issue, defendant prematurely seeks to limit the size the relevant class.

Plaintiffs have only sued defendant for failing to provide its employees with required meal and rest breaks. Significantly, the suit is already limited "to claims brought by current or former Circle K employees that arose during their employment with Circle K." (Def.'s Reply 13.) Defendant can seek to further define the limitations on this class, assuming they exist, when the court hears plaintiffs' motion for class certification.[5] This is not the proper subject matter for a pre-certification motion for summary judgment.

///

///

///

///

[5] If defendant hopes to distance itself from the 104 stores allegedly transferred to ConocoPhillips "in 2003, prior to [December 17, 2003]", it would do well to provide more than a declaration from "a Circle K employee for most of the past 13 years" who has "worked closely with Circle K's legal personnel and human resources personnel" and "become familiar with Circle K's corporate structure and corporate affiliations." (Westerfield Decl. ¶¶ 1, 2, 4, 5.) This declaration lacks sufficient detail explaining how, and more importantly when, some employees at Circle K stores became employees of ConocoPhillips.

III. Conclusion

Defendant's motion for partial summary judgment is premature and seeks the court's opinion on matters related only to the scope of its damages. Such motions should not be heard before plaintiffs' motion for class certification.

IT IS THEREFORE ORDERED that defendant's motion for partial summary judgment be, and the same hereby is, DENIED.

DATED: February 14, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE